**BRODSKY & SMITH**
Evan J. Smith, Esquire (SBN 242352)
esmith@brodskysmith.com
Ryan P. Cardona, Esquire (SBN 302113)
rcardona@brodskysmith.com
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Phone: (877) 534-2590
Facsimile: (310) 247-0160

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY DARO,<br><br>                    Plaintiff,<br><br>    vs.<br><br>EMBARK TECHNOLOGY, INC.,<br>ELAINE CHAO, PATRICIA CHIODO,<br>PAT GRADY, PENELOPE HERSCHER,<br>BRANDON MOAK, IAN ROBERTSON,<br>and ALEX RODRIGUES,<br><br>                    Defendants. | Case No.:<br><br>**Complaint For:**<br><br>(1) Violation of § 14 (a) of the Securities Exchange Act of 1934<br>(2) Violation of § 20(a) of the Securities Exchange Act of 1934<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Andy Daro ("Plaintiff"), by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff brings this stockholder action against Embark Technology, Inc. ("Embark" or the "Company") and the Company's Board of Directors (the "Board" or the "Individual Defendants,", collectively with the Company, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of Defendants' efforts to sell the Company to Applied Intuition, Inc. ("Parent") through merger

vehicle Azara Merger Sub, Inc. ("Merger Sub," collectively with Parent "Applied Intuition") as a result of an unfair process, and to enjoin an upcoming stockholder vote on a proposed all cash transaction (the "Proposed Transaction").

2. The terms of the Proposed Transaction were memorialized in a May 25, 2023 filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement").

3. Under the terms of the Merger Agreement, Applied Intuition will acquire all of the remaining outstanding shares of Embark's common stock at a price of $2.88 per share in cash.

4. On June 16, 2023, Embark filed a Preliminary Proxy Statement on Form PREM14A (the "Preliminary Proxy Statement") with the SEC in support of the Proposed Transaction.

5. The Preliminary Proxy Statement is materially deficient, deprives Plaintiff of the information necessary to make an intelligent, informed and rational decision of whether to vote in favor of the Proposed Transaction, and is thus in violation of the Exchange Act.

6. The Preliminary Proxy Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Embark provided by Embark management to the Board and the Board's financial advisors Evercore, Inc. ("Evercore"), Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), and Sierra Constellation Partners LLC ("Sierra"); (c) the data and inputs underlying the financial valuation analyses, if any, provided by Evercore, Houlihan Lokey, and Sierra.

7. This action seeks to enjoin the Proposed Transaction.

**PARTIES**

8. Plaintiff is a citizen of Florida and, at all times relevant hereto, has been an Embark stockholder.

9. Defendant Embark develops autonomous driving software solutions for the truck freight industry in the United States.  Embark is incorporated under the laws of the State of Delaware and has its principal place of business at 321 Alabama Street, San Francisco, CA, 94110.

Shares of Embark common stock are traded on the Nasdaq Stock Exchange under the symbol "EMBK".

10. Defendant Elaine Chao ("Chao") has been a director of the Company at all relevant times.

11. Defendant Patricia Chiodo ("Chiodo") has been a director of the Company at all relevant times.

12. Defendant Pat Grady ("Grady") has been a director of the Company at all relevant times.

13. Defendant Penelope Herscher ("Herscher") has been a director of the Company at all relevant times. In addition, Herscher serves as Board Chairperson.

14. Defendant Brandon Moak ("Moak") has been a director of the Company at all relevant times and serves as the Company's Chief Technology Officer ("CTO").

15. Defendant Ian Robertson ("Robertson") has been a director of the Company at all relevant times.

16. Defendant Alex Rodrigues ("Rodrigues") has been a director of the Company at all relevant times and serves as the Company's Chief Executive Officer ("CEO").

17. Defendants identified in ¶¶ 10 - 16 are collectively referred to as the "Individual Defendants."

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act. This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have. The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

19. Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this

1  District as to render the exercise of jurisdiction over defendant by this Court permissible under
2  traditional notions of fair play and substantial justice.

3      20.    Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Embark maintains its principal offices in this district, and each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District.

## SUBSTANTIVE ALLEGATIONS

*Company Background*

21.    Embark Technology, Inc. develops autonomous driving software solutions for the truck freight industry in the United States. Its solutions include Embark Driver, an automated driving system software; Embark Universal Interface, an interoperable self-driving stack that works across truck OEM platforms; and Embark Guardian, a cloud-based autonomous fleet management solution that gives carriers control over dispatching and management of their autonomous fleet operations.  Embark Technology, Inc. was incorporated in 2016 and is headquartered in San Francisco, California.

22.    The Company's most recent performance press release, revealing performance results preceding the announcement of the Proposed Transaction, indicated impressive financial success.

23.    For example, in the March 23, 2023 annual report for 2022, the Company highlighted its impressive history as the industry's longest running autonomous truck driving program in the U.S.  Embark's technological firsts include, but are not limited to:

- First coast-to-coast autonomous truck drive;
- First to reach 100,000 autonomous miles driven on public roads;
- First operational transfer point network for self-driving trucks;
- First autonomous trucking company to adopt an OEM-agnostic approach;
- First autonomous vehicle trucking software to handle work zone lane closures;
- First autonomous vehicle trucking software to self-park;
- First to complete on-road autonomous testing in winter conditions;
- First to complete a public demonstration of an autonomous truck being pulled over by law enforcement and participating in a routine traffic stop on a public highway; and

- First autonomous developer to handover trucks to a carrier, through the TTP, for operation within the carrier's fleet with the carrier's drivers.

24. The Individual Defendants have caused Embark to enter into the Proposed Transaction without providing requisite information to Embark stockholders such as Plaintiff.

**The Proposed Transaction**

25. On May 25, 2023, Embark and Parent issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> Mountain View, Calif., May 25, 2023 -- Applied Intuition, Inc., a tooling and software provider for autonomous vehicle development, and Embark Technology, Inc. (NASDAQ: EMBK), an autonomous trucking software company, today announced that the companies have entered into a definitive merger agreement. Under the agreement, Applied will acquire Embark in an all-cash transaction with an equity value of approximately $71 million.
>
> Founded in 2016, Embark has built a robust autonomous software stack that uses machine learning methodologies for perception while relying on a safety-redundant compute system. Embark also developed a custom-built hardware platform optimized for autonomy and has performed extensive real-world testing and system deployment, with over 1.5 million miles of autonomous operations conducted on highways.
>
> Applied aims to integrate Embark's internal tools, data, and software assets to further improve its offerings for customers in the trucking and automotive industries. Embark plans to retire its fleet of test vehicles as part of the transaction. Key Embark employees are expected to remain to support Applied and expand the company's suite of product offerings.
>
> "We are excited to acquire Embark," said Qasar Younis, Co-Founder and CEO of Applied Intuition. "This acquisition should enable us to advance our products and solve more specific, complex challenges for our customers. We respect the work Embark has accomplished in the autonomous vehicle industry and look forward to leveraging their expertise to better serve our global customer base."
>
> "Today marks an exciting, new chapter for Embark," said Alex Rodrigues, Co-Founder and CEO of Embark. "I would like to thank all past and present employees for their contributions over the past seven years. I appreciate everything they have done for the company, and I cannot wait to see where Applied takes the technology we have built."
>
> Under the terms of the agreement, which has been approved unanimously by the boards of directors of both companies, Embark shareholders will receive $2.88 per share in cash. The agreement comes after Embark's March 3, 2023 announcement

that it was engaging in a process to explore, review, and evaluate a range of potential strategic alternatives.

The transaction is expected to close in Q3 2023 and is subject to approval by Embark shareholders and other customary closing conditions. Upon completion of the transaction, Embark shares and warrants will cease trading on NASDAQ, and Embark will become a privately held company.

***The Materially Misleading and/or Incomplete Preliminary Proxy Statement***

26. On June 16, 2023, the Embark Board caused to be filed with the SEC a materially misleading and incomplete Preliminary Proxy Statement.

<u>Omissions and/or Material Misrepresentations Concerning Embark's Financial Projections</u>

27. The Preliminary Proxy Statement fails to disclose sufficient and/or discloses materially misleading management-prepared financial projections for the Company.

28. The Preliminary Proxy Statement should have, but fails to provide, certain information in the projections that Embark management provided to the Board and Houlihan Lokey.  Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors.  Investors can come up with their own estimates of discount rates or [] market multiples.  What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007)

29. Significantly, the Preliminary Proxy Statement fails to provide any projection analyses, to the detriment of Plaintiff and other shareholders.

30. Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

31. The Board has violated the Exchange Act by failing to include such information in the Preliminary Proxy Statement.

*<u>Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Houlihan Lokey</u>*

32. In the Preliminary Proxy Statement, Houlihan Lokey describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions.

33. With respect to the *Net Present Value Analysis*, the Preliminary Proxy Statement fails to disclose:

    a. The specific inputs and assumptions used to determine the discount rates of 3.75% to 7.75% for the *72-Month Liquidation Timeline Scenario*;

    b. The specific inputs and assumptions used to determine the discount rates of 4.00% to 8.00% for the *36-Month Liquidation Timeline Scenario*;

    c. The specific inputs and assumptions used to determine the discount rates of 4.75% to 8.75% for the *18-Month Liquidation Timeline Scenario*; and

*<u>Omissions and/or Material Misrepresentations Concerning the Liquidation Analysis by Sierra</u>*

34. With respect to the *Liquidation Analysis* prepared by Sierra, a turnaround and restructuring advisory firm engaged by the Transaction Committee, the Preliminary Proxy Statement fails to disclose important information. For the midpoint of a hypothetical liquidation per share value range, the Preliminary Proxy fails to disclose:

- 7 -
COMPLAINT

a. The specific inputs, metrics, and assumptions used to determine a hypothetical liquidation value for total assets as of March 31, 2023, between $143.7 million and $153.1 million;

b. The specific inputs, metrics, and assumptions used to determine hypothetical total liabilities as of March 31, 2023, between $37.8 million and $37.4 million;

c. The specific inputs, metrics, and assumptions used to determine a reduction to such residual value for Embark by estimated costs and expenses between $6.3 million and $6.0 million required to continue operating the business through April 30, 2023; and

d. The specific inputs, metrics, and assumptions used to determine a further reduction to such residual value for Embark by additional estimated costs and expenses between $24.0 million and $19.7 million required thereafter during a 12-to-18-month wind down period.

35. As to adjustments to the midpoint for anticipated expenses and defense costs, net of insurance proceeds, related to resolving litigation expected to arise during the period following Embark's estimated date of approval of a liquidation, the Preliminary Proxy fails to disclose:

a. The specific inputs, metrics, and assumptions used to determine a projected aggregate distribution to the holders of Embark common stock of $72.3 million on June 30, 2029;

b. The specific inputs, metrics, and assumptions used to determine a projected aggregate distribution to the holders of Embark common stock of $75.8 million on June 30, 2026; and

      c.    The specific inputs, metrics, and assumptions used to determine a projected aggregate distribution to the holders of Embark common stock of $80.7 million on December 31, 2024.

36. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

37. Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder.

38. The Board has violated the Exchange Act by failing to include such information in the Preliminary Proxy Statement.

**FIRST COUNT**

**Violations of Section 14(a) of the Exchange Act**

**(Against All Defendants)**

39. Plaintiff repeats all previous allegations as if set forth in full herein.

40. Defendants have disseminated the Registration Statement with the intention of soliciting stockholders, including Plaintiff, to vote in favor of the Proposed Transaction.

41. Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction. Specifically, Section 14(a) provides that:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

42. As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

> No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

43. The Preliminary Proxy Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Registration Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

44. The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

45. The Individual Defendants were at least negligent in filing a Preliminary Proxy Statement that was materially misleading and/or omitted material facts necessary to make the Registration Statement not misleading.

46. The misrepresentations and omissions in the Preliminary Proxy Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to vote his shares in favor of the Proposed Transaction on the basis of complete information if such misrepresentations and omissions are not corrected prior to the stockholder vote regarding the Proposed Transaction.

**SECOND COUNT**

**Violations of Section 20(a) of the Exchange Act**

**(Against all Individual Defendants)**

47. Plaintiff repeats all previous allegations as if set forth in full herein.

48. The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or should have known that the Preliminary Proxy Statement was materially misleading to Plaintiff in his capacity as a Company stockholder.

49. The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein. The Individual Defendants were aware or should have been aware that materially false and misleading statements were being issued by the Company in the Registration Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws. The Individual Defendants were able to, and did, control the contents of the Registration Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Registration Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

50. The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Embark's business, the information contained in its filings with the SEC, and its public statements. Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Company, and that the Registration Statement was misleading. As a

result, the Individual Defendants are responsible for the accuracy of the Registration Statement and are therefore responsible and liable for the misrepresentations contained herein.

51. The Individual Defendants acted as controlling persons of Embark within the meaning of Section 20(a) of the Exchange Act. By reason of their position with the Company, the Individual Defendants had the power and authority to cause Embark to engage in the wrongful conduct complained of herein. The Individual Defendants controlled Embark and all of its employees. As alleged above, Embark is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9. By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against the Defendants, as follows:

A. Enjoining the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to exercise their fiduciary duties to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: June 29, 2023

**BRODSKY & SMITH**

By: *Evan J. Smith*
Evan J. Smith, Esquire (SBN 242352)
esmith@brodskysmith.com
Ryan P. Cardona, Esquire (SBN 302113)
rcardona@brodskysmith.com
9595 Wilshire Blvd., Ste. 900
Phone: (877) 534-2590
Facsimile (310) 247-0160

*Attorneys for Plaintiff*

**OF COUNSEL**

Douglas Risen
Risen Law, LLC
1900 JFK Blvd., Suite 910
Philadelphia, PA 19103
Phone: 215.201.2824
drisen@comcast.net